1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORENTAL MARTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00387-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 12).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

   Plaintiff Orental Martin is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on March 16, 2023.  (ECF No. 1).  The complaint is now before this Court for screening. Plaintiff alleges that he was subjected to extended searches in the heat without adequate protection from the sun.

   On June 28, 2023, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims.  (ECF No. 12).  The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wanted to stand on his complaint.  (*Id.* at 7).  And the Court warned Plaintiff that "[f]ailure to comply

—

1   with this order may result in the dismissal of this action."  (*Id.* at 8).

2       The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or

3   otherwise responded to the Court's order.  Accordingly, for the reasons below, the Court will

4   recommend that Plaintiff's case be dismissed for failure to state a claim.  The Court will also

5   recommend that Plaintiff's case be dismissed for failure to prosecute and failure to comply with

6   a court order.

7       **I.      SCREENING REQUIREMENT**

8       The Court is required to screen complaints brought by prisoners seeking relief against a

9   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

10  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

11  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

12  that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

13  § 1915A(b)(1), (2).  Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 11),

14  the Court may screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee,

15  or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

16  the court determines that the action or appeal fails to state a claim upon which relief may be

17  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

18      A complaint is required to contain "a short and plain statement of the claim showing

19  that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

20  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

21  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

22  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient

23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.

24  (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting

25  this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts

26  "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d

27  677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a

28  plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

2

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that, on May 12, 2022, Warden L. Lundy and Doe Defendants on the Program Status Report ordered Plaintiff and all inmates in the housing unit be placed on the prison yard in full thick dark prison blues in 100+ degree summer desert heat with no shade for more than 7 hours.  Plaintiff suffered first degree burns and suffered emotional distress.  T. Valdez and H. Moseley condoned and ratified the search policies in grievance responses.

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

B. Sovereign Immunity

Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") as one of the defendants.  However, the CDCR is not a proper defendant.  It is a state agency, and thus Plaintiff's claims are barred by sovereign immunity.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override . . . ." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not

4

waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ."  <u>Dittman</u>, 191 F.3d at 1025-26 (citing <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 241 (1985)); <u>see also</u> <u>Brown v. Cal. Dep't. of Corrs.</u>, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Plaintiff's claims against the CDCR are barred by sovereign immunity.

### C.   Conditions of Confinement Claim

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment."  <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>see also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  Conditions of confinement may, consistent with the Constitution, be restrictive and harsh.  <u>See</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006); <u>Osolinski v. Kane</u>, 92 F.3d 934, 937 (9th Cir. 1996).  Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986), <u>abrogated in part on other grounds by</u> <u>Sandin v. Connor</u>, 515 U.S. 472 (1995); <u>see also</u> <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982).

Two requirements must be met to show an Eighth Amendment violation.  <u>Farmer</u>, 511 U.S. at 834.  "First, the deprivation alleged must be, objectively, sufficiently serious."  <u>Id.</u> (citation and internal quotation marks omitted).  Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference."  <u>Id.</u> (citations and internal quotation marks omitted).  Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety.  <u>Id.</u> at 837.  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather,

the official's conduct must have been wanton.  <u>Farmer</u>, 511 U.S. at 835; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that he was subjected to a search that involved him staying in the prison yard in heat without shade for 7 hours.  Without deciding the question, this may be sufficient to allege that he was subjected to an excessive risk to his health.

However, Plaintiff does not explain what each defendant did, or facts showing that any defendant was deliberately indifferent to his health or safety.  Plaintiff alleges that Warden Lundy and Doe Defendants on the Program Status Report ordered this to happen.  But Plaintiff does not set forth any facts about their role in the search, or why he believes that the Warden ordered the search.  He does not describe anything the Warden or anyone else said or did to order the search.  He also does not set forth any facts showing that anyone knew that it posed a serious risk to his harm.  He does not say whether any defendant saw Plaintiff in the sun, heard any complaints about the searches, responded to any requests to stop the searches, or otherwise who deliberate indifference.  Similarly, he alleges that Defendants T. Valdez and H. Moseley "condoned and ratified the search policies in grievance responses," but again does not describe what they did or said.  Moreover, he does not describe what role they had in the search at issue, as they appear to be the prison officials that responded to Plaintiff's grievance about the search after it happened.  Plaintiff's complaint fails to give notice to any Defendant what Plaintiff believes they did wrong against his constitutional rights.

## IV.     FAILURE TO PROSECUTE AND COMPLY

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

<u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (citing <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." Id.  Plaintiff has failed to respond to the Court's screening order.  This failure to respond is delaying the case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration, it appears that monetary sanctions are of little use.  And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal is appropriate.

**V.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS that:

1.   This action be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with a court order; and

7

        2.   The Clerk of Court be directed to close this case.

        These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **August 14, 2023**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE